UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANN M. FITTANTE,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

Case No. 2:23-cv-85

Hon. Maarten Vermaat
U.S. Magistrate Judge

## **OPINION**

### I.  Introduction

On January 26, 2021, Plaintiff Ann M. Fittante applied for disability insurance benefits (DIB) for the third time. (ECF No. 6-5, PageID.186-187.) As in her first two applications, she alleged that she became unable to work due to disability on December 26, 2014. (*Id.*, PageID.186.) Administrative Law Judge (ALJ) Brent C. Bedwell had previously determined that Plaintiff was not under a disability from December 26, 2014, through April 5, 2017. (ECF No. 6-3, PageID.60-69.) And ALJ Peter Kafkas had previously determined that Plaintiff was not under a disability from December 26, 2014, to September 30, 2017, the date Plaintiff last met the insured status requirements of the Social Security Act.[1] (*Id.*, PageID.77-85.)

---

[1] ALJ Kafkas determined that the doctrine of res judicata applied to the period beginning December 26, 2014, and ending April 5, 2017. (ECF No. 6-3, PageID.80.)

Plaintiff 's third application for DIB was denied at the initial level on April 1, 2021. (*Id.*, PageID.103-104.) It was denied at the reconsideration level on October 1, 2021. (*Id.*, PageID.113-114.) Plaintiff requested a hearing by an ALJ on December 14, 2021. (ECF No. 6-4, PageID.128-129.) On June 1, 2022, ALJ Dean Syrjanen entered an order of dismissal with respect to Plaintiff's December 14, 2021, request for a hearing. (ECF No. 6-12, PageID.914-916.) In the order for dismissal, ALJ Syrjanen considered Plaintiff's previous applications for DIB, and determined that the doctrine of res judicata applied; Plaintiff could not again assert that she was under a disability from December 26, 2014, through September 30, 2017, the date last insured. (*Id.*, PageID.915.)

Plaintiff now appeals ALJ Syrjanen's order of dismissal. (ECF No. 1.) According to Plaintiff, numerous attorneys informed her that she would have a difficult time obtaining benefits as a woman under the age of fifty. (ECF No. 11, PageID.926.) Plaintiff therefore contends that ALJ Syrjanen discriminated against her based on her age and gender when he dismissed her request for a hearing. (*Id.*, PageID.927 ("I was denied because I am a woman under the age of 50.").)

After considering the documents provided by the parties, the Court affirms ALJ Syrjanen's decision.

## II. Standard of Review

Review of an ALJ's decision is limited to two issues: (1) "whether the ALJ applied the correct legal standards," and (2) "whether the findings of the ALJ are supported by substantial evidence." *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x

2

418, 420 (6th Cir. 2014) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); 42 U.S.C. § 405(g).  The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and the Commissioner's findings are conclusive provided they are supported by substantial evidence.  42 U.S.C. § 405(g).

Substantial evidence is defined as more than a mere scintilla of evidence but "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991).  In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and consider whatever evidence in the record fairly detracts from its weight.  *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984) (citations omitted).  The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).  This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).  The U.S. Supreme Court has further explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency

3

> factfinding. *T-Mobile South, LLC v. Roswell*, 574 U.S. ——, ——, 135 S.Ct. 808, 815, 190 L.Ed.2d 679 (2015). Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938) (emphasis deleted). And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is "more than a mere scintilla." *Ibid.*; see, e.g., *Perales*, 402 U.S. at 401, 91 S.Ct. 1420 (internal quotation marks omitted). It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison*, 305 U.S. at 229, 59 S.Ct. 206. See *Dickinson v. Zurko*, 527 U.S. 150, 153, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard).

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019).

### III. Analysis

As set forth above, Plaintiff argues that ALJ Syrjanen improperly discriminated against her.[2] She says that her application for DIB was denied because she was a woman under the age of fifty.

In *Collier v. Commissioner of Social Security*, 108 F. App'x 358 (6th Cir. 2004), the Sixth Circuit set forth a framework for evaluating a claim of bias against an ALJ in a Social Security appeal. The court explained that:

> "[C]ourt[s] must begin with the "presumption that policymakers with decisionmaking power exercise their power with honesty and integrity." "The burden of overcoming the presumption of impartiality 'rests on the party making the assertion [of bias],' and the presumption can be

---

[2] In the Commissioner's memorandum of law, the Commissioner construes the issues set forth in Plaintiff's brief as: "1. Whether the ALJ properly applied res judicata principles to dismiss Plaintiff's administrative appeal . . . ; and 2. Whether the ALJ acted with bias or prejudice." (ECF No. 12, PageID.932.) But Plaintiff's three-page brief says nothing about ALJ Syrjanen's application of res judicata; it simply asserts that "the issue in this case comes down to [d]iscrimination." (ECF No. 11, PageID.927.)

4

> overcome only with convincing evidence that 'a risk of actual bias or prejudgment' is present." Stated differently, "any alleged prejudice on the part of the decisionmaker must be evident from the record and cannot be based on speculation or inference."

*Id.* at 363-364 (citations omitted) (quoting *Navistar Int'l. Transp. Corp. v. United States EPA*, 941 F.2d 1339, 1360 (6th Cir.1991)).

A review of ALJ Syrjanen's order for dismissal reveals that after he determined that Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2017, he appropriately considered whether her claim for DIB beginning December 26, 2014, was barred by the doctrine res judicata. (ECF No. 6-12, PageID.915.) After reviewing the evidence provided by Plaintiff, ALJ Syrjanen found that while Plaintiff had submitted new medical records, she had not submitted "new and material evidence" to establish disability prior to September 30, 2017. (*Id.*) ALJ Syrjanen further determined that there had been "no change in statute, regulation, ruling or legal precedent concerning the facts and issues ruled upon in connection with the previously adjudicated period." (*Id.*) He therefore found that "the same party (the claimant) allege[d] the same issue (that she is disabled) based upon the same facts," and accordingly dismissed Plaintiff's request for a hearing. (*Id.*)

ALJ Syrjanen's order[3] contained no mention of Plaintiff's age or gender. Nor did it contain any implication that Plaintiff's age or gender factored into ALJ

---

[3] It is worth noting that at one point in her brief, Plaintiff references "the judge" and his evaluation of her pain threshold. (ECF No. 11, PageID.926.) At another point, Plaintiff references a hearing. (*Id.*, PageID.927.) ALJ Syrjanen did not evaluate Plaintiff's pain threshold, and he dismissed her request for a hearing. It appears that Plaintiff wants the Court to review the decisions on all three of her applications for DIB. But the Court is without power to do so; Plaintiff did not seek

Syrjanen's determination that the doctrine of res judicata applied to Plaintiff's claim for DIB.  Plaintiff merely speculates that if she "had been a man . . . it would have been a whole different outcome."  (ECF No. 11, PageID.927.)  Her only purported evidence of improper bias is that when she spoke to attorneys throughout the State of Michigan, they allegedly informed her that her medical records proved she was disabled, but her age acted against her.  (*Id.*)  This is simply insufficient to overcome the presumption that ALJ Syrjanen exercised his power with honesty and integrity.

## IV.   Conclusion

The Court is sympathetic toward Plaintiff and her conditions.  However, the record indicates that ALJ Syrjanen conducted an appropriate review of the Social Security Administration's denial of Plaintiff's disability claims; the record contains no evidence that ALJ Syrjanen acted with improper bias or prejudice against Plaintiff based on her age or gender. Accordingly, Administrative Law Judge Syrjanen's decision is affirmed.  Judgment will enter.


Dated:   January 23, 2024                                      /s/ *Maarten Vermaat*
                                                               Maarten Vermaat
                                                               U. S. MAGISTRATE JUDGE

---

review of the earlier decisions within sixty days after they became final.  42 U.S.C. § 405(g).  In any event, the Court may not conduct a de novo review of the case. *Garner*, 745 F.2d at 387.